nature thereto. It is proper to say that the defendant denies any dealings with the plaintiff other than those connected with the making and giving of the note. The jury, under the very able and exhaustive charge of the trial judge, appears to have determined all of the questions in the plaintiff's favor, and a conclusion thus reached upon disputed questions of fact will not usually be disturbed by the court on appeal.

The record before us does not present anything which, to our minds, calls for an interference with the result reached upon the trial. On a former appeal (65 N. Y. Supp. 791) there was lacking a line of proof connecting the defendant directly with the transactions, which were the foundation of the action, and for that reason the case was sent back for a new trial. We think that the new trial has so far changed the real situation as to compel us to say that the conclusion now reached is right, and that the judgment must therefore be affirmed, with costs.

O'DWYER, J., concurs.

(34 Misc. Rep. 217.)

DONNELLY v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. February 28, 1901.)

STREET RAILROADS—DAMAGES—VERDICT.

> Plaintiff was injured by being cut on the head by being thrown from defendant's moving car, and he remained under the care of a physician for some time after leaving the hospital. The wound remained open about a month, and he received a shock to his nervous system, suffered pain in his side, and was dizzy all the time. *Held*, that a verdict of $1,500 should not be set aside as excessive, after the trial justice has refused to disturb it, nothing appearing to warrant the inference that the jury was actuated by improper motives.

Appeal from trial term.

Action by Thomas W. Donnelly against the Metropolitan Street-Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Henry A. Robinson, for appellant.
Louis Steckler, for respondent.

CONLAN, J. The principal ground of the appeal is that the damages are excessive. The evidence in the case is to the effect that the plaintiff was injured by being cut upon the head, as a result of his being thrown from a moving car to the ground; that he was conveyed to the hospital, where his wounds were dressed, and afterwards removed to his home, where he remained for some time under the care of a physician; that the wound remained open about a month, and the scar still remained at the time of the trial. He received a shock to his nervous system, and suffered pains and aches in his side, and his head continued dizzy all the time. The verdict was for $1,500, and we think that, under all the circumstances, we would be going out of our way to say that this was excessive. The

justice presiding at the trial, who had all of the witnesses before him, and was fully advised as to the character of the testimony, and therefore being infinitely more familiar with the situation, refused to disturb the findings of the jury upon the motion to set it aside as excessive, and we, without any more knowledge than the record discloses, are not willing to interfere. Nothing appears to warrant the inference that the jury was actuated by malice, or any other undue quality of mind, in reaching a conclusion upon the evidence adduced on the trial, and, as no motion was made to dismiss the complaint, the defendant was evidently satisfied that the jury would correctly determine the issues. We do not think that the defendant's single exception to the admission of evidence was at all prejudicial to it, and are satisfied with the result reached at the trial term.

Judgment and order appealed from should be affirmed, with costs.

O'DWYER, J., concurs.